UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 0 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Donetta Byrd,  )
 )
      Plaintiff,  )
 )  Case: 1:15-cv-02097  Jury Demand
v.  )  Assigned To : Unassigned
 )  Assign. Date : 12/3/2015
Metropolitan Police Department,  )  Description: Pro Se Gen. Civil (F Deck)
 )
      Defendant.  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The plaintiff is a District of Columbia resident suing the Metropolitan Police Department ("MPD") for damages exceeding $999 trillion. As a department of the municipality, the MPD "is not a separate suable entity," *McRae v. Olive*, 368 F. Supp. 2d 91, 94 (D.D.C. 2005), and substituting the District of Columbia as the defendant is futile. In the one-page complaint, the plaintiff alleges that she was arrested "for fleeing Police Department" and was "locked up for one day without [her] sugar medication . . . and . . . CPAP machine." The plaintiff also alleges that her grandmother died in Washington Hospital Center. The plaintiff does not state the basis of federal court jurisdiction, and she does not allege an injury. Hence, the complaint provides no notice of a claim. A separate order of dismissal accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

Date: November 13, 2015